United States Bankruptcy Court
Northern District of Illinois
Eastern Division

In re:

Dylan Rogers,

Debtor.

Case No. 17 BK 33004
Chapter 13
Judge: Hon. Jack B. Schmetterer

# MEMORANDUM OPINION ON ATTORNEYS' FEES REGARDING 400 CONDOMINIUM ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY [DKT. NO. 61]

Pursuant to the Order of this Court issued on August 2, 2018 [Dkt. No. 65], Creditor 400 Condominium's ("Creditor") Attorney, Sean P. Williams, has filed a Declaration Regarding Attorney's Fees associated with the Creditor's underlying Motion for Relief from Automatic Stay [Dkt. No. 61]. Attorney for Creditor seeks $2,697.50 for work performed on behalf of Creditor in relation to the instant Motion.

For the reasons discussed below, Attorney for Creditor's fees will be granted in part and denied in part.

## UNDISPUTED FACTS

1. Debtor Dylan Rogers ("Debtor") filed his petition for Chapter 13 bankruptcy relief on November 3, 2017. [Dkt. No. 67.]
2. Debtor's previous Chapter 13 case was dismissed on January 4, 2017 for failure to make plan payments.
3. In the instant bankruptcy case, the automatic stay was extended by agreement on December 8, 2017 [Dkt. No. 34.]
4. Creditor's pre-petition claim in the amount of $3,575.38 based on unpaid assessments and fees. It is treated in Debtor's Chapter 13 plan, which was confirmed on April 11, 2018. [Dkt. No. 52.]
5. However, Creditor states and Debtor admits that Debtor has since missed post-petition assessments in the amount of $1,778.76. [Dkt. No. 67.]
6. Creditor asserts that as of June 26, 2018, Debtor owes $2,468.78 in unpaid post-petition assessments and fees associated therewith. [Dkt. No. 61.]
7. Creditor filed the underlying Motion for Relief from Stay on June 27, 2018. [Dkt. No. 61.]

1

8. Although the Motion has not yet been ruled on, Debtor states that he and Creditor have reached an agreement whereby Debtor has agreed to pay the post-petition assessments. [Dkt. No. 67.]

9. On August 2, 2018, this Court entered an Order requiring attorney for Creditor to "file all claims for fees or bills related to this Motion for Relief [Dkt. 61] within seven (7) days hereof." [Dkt. No. 65.]

10. Creditor's attorney filed his Declaration Regarding Attorneys' Fees on August 8, 2018. He states that in connection to the Motion for Relief from Stay, Creditor has accrued fees in the amount of $2,697.50. Additionally, he states that he performed services for Creditor at a rate of $275 per hour (discounted from his usual $315 per hour rate). [Dkt. No. 66.]

11. Debtor filed his Response to the Declaration on August 10, 2018. Debtor argues that $690.00 worth of fees asserted by Creditor's attorney relate to pre-confirmation legal services rendered to the Creditor that should have properly been part of Creditor's proof of claim. As a result of confirmation, Debtor argues that Creditor's attorney should be barred from seeking this $690.00 as a result of *res judicata*. Additionally, Debtor asserts that the remaining $2,007.50 that Creditor's attorney seeks is an unreasonably high amount, exceeding even the amount of the post-petition default, and should be reduced. [Dkt. No. 67.]

12. The instant dispute regards only the amount of attorney's fees owed to Creditor as a result of the Motion for Relief from Stay. Both parties have waived their right to offer evidence.

## DISCUSSION

### I. Creditor's Attorney is Not Entitled to $690.00 Worth of Pre-Petition Fees

Debtor argues that because his plan was confirmed, the $690.00 worth of pre-confirmation legal services that Creditor's attorney now seeks are barred as a matter of *res judicata*. *In re Ayre*, 339 B.R. 684, 687 (Bankr. C.D. Ill. 2006).

Creditor's attorney is not entitled to the $690.00 of suchfees for two reasons. First, Creditor's attorney was not authorized to seek them pursuant to the August 2, 2018 Order. That order states that, "Creditor will file all claims for fees or bills *related to this Motion for Relief* [Dkt. 61]." The itemized bills attached to the Declaration filed by Creditor's attorney make clear

2

that the services provided between December 1, 2017 and December 7, 2017, prior to the April 11, 2018 confirmation of Debtor's plan, concerned the agreed order conditionally extending the automatic stay and the filing of the proof of claim. As this $690.00 amount was not related to Motion for Relief from Stay, Creditor's attorney was not authorized to seek it pursuant to the Court's Order.

Second, as Debtor has correctly pointed out, the Seventh Circuit has repeatedly held that when issue was litigated or could have been litigated as part of the plan confirmation process, the terms of the Chapter 13 plan are *res judicata* as to those issues. *Matter of Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990); *Matter of Chappell*, 984 F.2d 775, 782-83 (7th Cir. 1993); *Adair v. Sherman*, 230 F.3d, 894 (7th Cir. 2000). The $690.00 of fees related to pre-confirmation legal services should have been included in Creditor's proof of claim. If it is included in the proof of claim, then it is being treated through Debtor's plan. If it was not included in the proof of claim, then Creditor's attorney has lost any right to these fees and is barred from arguing otherwise as a matter of *res judicata*.

Therefore, $690.00 worth of fees sought by Creditor's attorney will be denied by separate order to be entered concurrently herewith.

## II. Creditor's Attorney is Entitled to the Remaining Portion of Fees Sought

Debtor argues in his Response to the Declaration Regarding Attorneys' Fees that the $2,697.50 for post-petition work is excessive and unreasonable and that these attorneys' fees exceed the amount of the default. Debtor also alleges that, "[a] large portion of the attorney's fees requested regarding the Stay Motion include time in attempting to collect the $690.00." Debtor filed no particularized objection to the fees and expenses sought by Creditor's attorney. He argues merely that they are unreasonable in light of the amount of the Debtor's post-petition default.

Bankruptcy Courts have, "independent authority and responsibility to determine the reasonableness of all fee requests." *In re Wildman*, 72 B.R. 700, 705 (Bankr. N.D. Ill 1987). Courts consider a wide range of factors when determining whether fees are actually reasonable. *Id.* at 712. These include "multiplying the number of actual and necessary hours *reasonably* expended by reasonable hourly rate," and consideration of the labor required, novelty of the questions posed, skill required to perform the tasks, preclusion of other employment, the customary fee, whether the fee is fixed or contingent, time limitations, the amount involved, the

3

experience of the attorney, the desirability of the case, the nature and length of the relationship with the client and awards in similar cases. *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

Both parties waived their right to offer evidence, so the Court must rely on the documents filed by the parties to reach its decision. Motions for Relief from Stay are routinely filed in bankruptcy cases. It does not take a particularly specialized skillset to file such a Motion. The facts of this case, that the Debtor missed post-petition assessment payments provided for in his plan and that Debtor had a previous bankruptcy case dismissed, must be considered. Creditor's attorney states that he is charging his client a discounted rate of $275 per hour, and the records attached to his Declaration reflect that he has performed 7.3 hours of work in connection with this Motion for Relief from Stay.

Although the underlying Motion has not been ruled upon, Creditor's attorney has obtained a positive result for client by the Debtor's own admission. In his Response to the Declaration, Debtor states that he has agreed to pay the post-petition assessments. A ruling on the Motion was not required for Creditor to ultimately obtain a form of relief, in this case the payment of missed post-petition assessments. It is within reason for Creditor's attorney to have spent fewer than eight hours drafting this Motion, corresponding with Debtor's attorney, and attempting to resolve the matter.

Moreover, neither Debtor nor Creditor has presented any evidence that the amount charged by Creditor's attorney to his client hourly was unreasonable. Corporate clients such as Creditor frequently pay larger amounts to their counsel. As Creditor's attorney stated in the Declaration, he has discounted his rate for his client from $315 to $275 per hour. There is no basis for Debtor's assertion that the $2,007.50 (the amount sought by Creditor's attorney less the $690.00 discussed above) is *per se* unreasonable. While the amount of fees sought exceeds the post-petition default by Debtor, that is not a dispositive factor. Additionally, it is Debtor's own failure to pay that caused Creditor to seek relief from the stay.

For those reasons, the $2,007.50 in fees sought by Creditor's attorney will be approved by an order entered concurrently herewith, and the stay will be modified so as to allow that amount to be collected.

4

## CONCLLUSION

For the foregoing reasons, $690.00 worth of fees sought by Creditor's attorney will be denied and the remaining $2,007.50 will be approved, and the automatic stay modified to allow for collection of that amount, by separate order to be entered concurrently herewith.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of September, 2018

SEP 1 3 2018

5